**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| Chambers of | Martin Luther King Jr. Federal |
|:---:|:---:|
| **Michael A. Hammer** | Bldg. & U.S. Courthouse |
| United States Magistrate Judge | 50 Walnut Street, Room 2042 |
| | Newark, NJ 07102 |
| | (973) 776-7858 |

September 18, 2015

## LETTER OPINION & ORDER

To:     All Parties of Record

      RE:     **John Banda v. Y. Corniel, et al.**
              **Civil Action No. 13-4240 (ES)**

Dear Litigants:

      Presently before the Court is Plaintiff's July 13, 2015 application for *pro bono* counsel under 28 U.S.C. § 1915(d).  Appl. for Pro Bono Counsel, D.E. 46.  For the reasons set forth below, Plaintiff's request for the appointment of *pro bono* counsel is denied.

**Background**

      Plaintiff John Banda is involuntarily committed pursuant to the Sexually Violent Predator Act, N.J.S.A. 30:4-27.24, et seq.  He is currently confined at the Special Treatment Unit (formerly the Condemned Building of the Eastern State Prison Ad. Seg. Detention Center).  Compl. at 5, July 10, 2013, D.E. 1.  The individual Defendants named in Plaintiff's Complaint are employees of the Special Treatment Unit.  Id. at 7-24.  The Complaint alleges that on May 8, 2012, Plaintiff submitted a grievance form to the staff in his "everyday communication language."  Id. at 25.  Plaintiff alleges that on May 10, 2012, Defendant Main, intending to cause harm and retaliate against the Plaintiff, responded "in a show of prejudice," and threatened to sanction Plaintiff with the loss of privileges based on his "verbal abuse" in the grievance forms.  Id.  Plaintiff further alleges that on May 18, 2012, Main abused the grievance form procedure, and on May 24, 2012, Main and the other defendants followed through with that threat and placed Plaintiff on Program MAP (Modified Activities Program) status based on his usage of abusive language towards staff members in the grievance forms.  Id. at 26.  Plaintiff alleges that he merely expressed his right to freedom of expression and freedom of speech in his written views on the grievance forms.  Id.  The Complaint alleges that all defendants retaliated against the Plaintiff by rubber-stamping the agreement that was made by the Program Coordinator, Defendant Y. Corniel, in placing Plaintiff on Program MAP, to purposely deprive him the privileges such as holding an institutional job, depriving him of his property such as his television without a warrant, and depriving him of receiving his packages from outside vendors.  Id.  Plaintiff is seeking monetary and injunctive relief.

By way of Order dated September 3, 2013, this Court denied Plaintiff's request to proceed *in forma pauperis* without prejudice because Plaintiff had failed to submit a complete *in forma pauperis* application as required by 28 U.S.C. § 1915(a)(1), (2), and Plaintiff's case was administratively terminated.  Order, Sept. 5, 2013, D.E. 3.

By way of Order dated February 18, 2014, this Court reopened Plaintiff's case to consider his submission, but the Clerk of the Court to administratively terminate the case due to Plaintiff's failure to comply with the Court's Preclusion Order of September 1, 2009.[1]  The Court also instructed if Plaintiff wished to reopen his case, was to notify the Court in writing within thirty days of the date of entry of the Order.  Order Reopening Case, Feb. 20, 2014, D.E. 13.  Plaintiff's case was again terminated on February 20, 2014.

On February 17, 2014, Plaintiff's case was reopened.  See Order Reopening Case, Feb. 17, 2014, D.E. 18.  The Court then considered Plaintiff's application to proceed *in forma pauperis*, granted it by Order dated March 6, 2015 [D.E. 28].  The Order and accompanying opinion [D.E. 27, 28] concluded that Plaintiff's complaint should proceed as to Plaintiff's claim for retaliation by placement on MAP status as against Defendants Y. Corniel; M. Main; S. Adams; T. Spanguolo; J. Ottino; C. Bergen; R. Vanpelt; T. Calabrese; J. McBride; T. Mitchell; R. Canete; A. Payne; M. Cahill; H. Burnett; T. Roth; J. Burns; R. Felmann; E. Qualis; M. Tarulli; S. Smith; E. Brown; L. Chiappetta; K. Stokes; and V. Brickhouse.  The Court dismissed the remaining claims without prejudice.  Id.

Plaintiff applied for the appointment of *pro bono* counsel on July 13, 2015.  See Appl. for Pro Bono Counsel, D.E. 46.  Plaintiff submitted the "Form to be Used By a Litigant Filing an Application for Pro Bono Counsel."  D.E. 46.  In his application, the Plaintiff argues he is entitled to pro bono counsel because (1) he does not know what he is doing "in regards to the law and only has some knowledge of the law on how to proceed in which he lacks the ability to present an effective case without an attorney"; (2) he "knows that he has merit to the case if given the opportunity to prove it"; (3) his legal issues "are too complex and [he] lacks the familiarity with the Rule of Evidence and Discovery needed to translate understanding of the law into presentation of the proofs"; (4) the law library at the Special Treatment Unit is inadequate and does not have all the required materials of law to do any proper investigation and research; and (5) the law library clerk was removed off of Plaintiff's wing in the attempt to prevent Plaintiff access to the court.  Plaintiff's Application, at Question 2b [D.E. 46].

---

[1] In September 2009, District Judge William J. Martini entered an amended preclusion order against Plaintiff based on his extensive history of abusive litigation practices.  See D.E. 13.  The Preclusion Order states that: "[e]ach Plaintiff future *in forma pauperis* pro se submission will have to consist, under penalty of criminal contempt, of: (a) a short and clear complaint; (b) a completed application to proceed *in forma pauperis*; and (c) a written certification briefly summarizing the nature of Plaintiff's challenges and stating that the allegations in the complaint are new, factually and legally, and that none of these claims is foreclosed by controlling law known to Plaintiff or explained to Plaintiff by any federal judge."  Order Reopening Case ¶ 2, D.E. 13.  Plaintiff failed to provide the certification.  Id.

**Discussion**

In civil cases, neither the Constitution nor any statute gives civil litigants the right to appointed counsel.  Parnham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).  District courts, however, have broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. § 1915(e).  Montgomery v. Pinchack, 294 F.3d 492, 498 (3d Cir. 2002) (citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)).  Appointment of counsel may be made at any point in the litigation, including *sua sponte* by the Court.  Montgomery, 294 F.3d at 498 (citing Tabron, 6 F.3d at 156).

In the Third Circuit, a court considers the framework established in Tabron.  Montgomery, 294 F.3d at 498-99.  Under the Tabron framework, the Court must first assess "whether the claimant's case has some arguable merit in fact and law."  Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155).  If the applicant's claim has merit, the Court then proceeds to consider the following factors:

> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses;
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457-58 (citing Tabron, 6 F.3d at 155-56, 157 n.5).  This list is not exhaustive, but provides guideposts for the Court.  Montgomery, 294 F.3d at 499 (citing Parham, 126 F.3d at 457).  A court's decision to appoint counsel "must be made on a case-by-case basis."  Tabron, 6 F.3d at 157-58.  Also, the Court of Appeals for the Third Circuit has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a previous commodity and should not be wasted on frivolous cases."  Montgomery, 294 294 F.3d at 499 (Parnham, 126 F.3d at 458).

Here, with respect to the first Tabron prong, the Court assumes that Plaintiff's claim has merit for the purposes of this application.  Nevertheless, consideration of the remaining Tabron factors does not demonstrate that appointment of counsel is warranted at this time.

First, Plaintiff appears to be able to present his case.  When considering ability to present a case, courts generally consider a plaintiff's "education, literacy, prior work experience, and prior litigation experience."  Tabron, 6 F.3d at 156.  Based upon the present record, Plaintiff has demonstrated a basic understanding of the actions he should take in furtherance of his claim.  For example, while the Plaintiff states that "this plaintiff don't know what he is doing in regards to the law and only has some knowledge of the law on how to proceed in which he lacks the ability to present an effective case without an attorney," a review of Plaintiff's Complaint indicates that he provided a detailed explanation of his cause of action, which demonstrates his ability to pursue his claim.  See Hill v. Davidson, 844 F. Supp. 237, 238 (E.D. Pa. 1994) (plaintiff demonstrated his ability to write through his filings with the court and through written grievances

he filed with the prison system). Plaintiff adequately articulated the factual circumstances, even including specific dates, surrounding the alleged acts of malice. The Court acknowledges that the Plaintiff's case has been administratively terminated twice, on September 5, 2012 due to Plaintiff's failure to pay the filing fee or to submit an application to proceed *in forma pauperis* [D.E. 3], and again on February 20, 2012 due to the Plaintiff's failure to comply with the Court's Preclusion Order of September 1, 2009 [D.E. 13]. However, in both instances, the Plaintiff was able to remedy the administrative termination and reopen his case. Further, the Plaintiff has submitted numerous letters to the Court, including one in which he claims that the Court mistakenly dropped a couple of the Defendants from the Complaint without a Court Order. Pl. Letter, February 10, 2015, D.E. 26. These communications to the Court evidence the Plaintiff's ability to review the case filings and to pursue his claim. Based upon the allegations and the facts from which they arise, and because "the factual and legal issues 'have not been tested or developed by the general course of litigation'" in a way that shows any level of complexity, Plaintiff has not demonstrated an inability to present his case. Burns v. Taylor, Civ. No. 08-4234, 2008 U.S. Dist. LEXIS 83809, at *3 (D.N.J. Oct. 9, 2008) (quoting Chatterjee v. Philadelphia Federation of Teachers, 2000 U.S. Dist. LEXIS 10278, at *1 (E.D. Pa. July 18, 2000)). For these reasons, this factor weighs against appointment of counsel.

Second, Plaintiff's claims do not involve complex legal issues. Complexity supports appointment "where the law is not clear, [as] it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." Tabron, 6 F.3d at 156 (quoting Macklin v. Freake, 650 F.2d 885, 889 (7th Cir. 1981)); accord Montgomery, 294 F.3d at 502. Courts also consider "the proof going towards the ultimate issue and the discovery issues involved." Parham, 126 F.3d at 459; see also Montgomery, 294 F.3d at 502-03 (finding appointment appropriate when, despite simple legal issues, discovery and presentation difficulties compromised plaintiff's case). Here, appointment of counsel is not warranted because the factual and legal issues involved in the case are not ultimately complicated. See Spurgeon v. NJ State Police, Civ. No. 12-3352, WL 2094038, at *2 (D.N.J. May 20, 2014) (finding the "core factual dispute" in a 42 U.S.C. § 1983 claim to be "relatively straightforward" and the legal issues "not complicated"); see also Mason v. City of Philadelphia, Civ No. 13-5163, 2014 WL 2804911, at *3 (E.D.Pa. June 20, 2014) (finding a plaintiff's allegations of excessive force, false imprisonment, and malicious prosecution to be "standard claims" that "do not implicate any complicated or novel issues of law"). At this stage of the litigation, the complexity of the legal issues are not yet apparent. See, e.g., Pressley v. E. Dist. Precinct, Civ. No. 09-3215, 2010 WL 988722, at *1 n.3 (D.N.J. Mar. 15, 2010). Plaintiff alleges violations of his constitutional rights; specifically, he alleges that defendants violated 42 U.S.C. § 1983. See Compl., D.E. 1.

Here, there is no indication that his claim presents a complex legal issue. That is, it does not appear that Plaintiff's legal issue is beyond his comprehension or analytical capacity. Indeed, Plaintiff provides no explanation in his pro bono application as to why his claims contain complex legal issues. See Appl. for Pro Bono Counsel, D.E. 46. Accordingly, the second Tabron factor weighs against Plaintiff because it does not appear, at this time, that his claims present complex legal issues.

Third, there is no indication that Plaintiff lacks the ability to conduct a factual investigation without the assistance of counsel. Nothing suggests that discovery in this case would be complicated or unduly burdensome. Cf. Tabron, 6 F.3d at 156 (considering the extent that confined parties may face problem when confronted with extensive discovery and compliance with complex discovery rules). The claims appear to involve a relatively discreet set of facts, many of which Plaintiff presumably has personal knowledge, or at a minimum, is equipped to investigate. If this case proceeds, Plaintiff will have access to the discovery tools in the Federal Rules of Civil Procedure to investigate his claims as well as any defenses or counterclaims. See Fed. R. Civ. P. 26. Additionally, other than his self-serving claims that Defendants are attempting to prevent his access to the law library, Plaintiff provides no explanation in his pro bono application describing why he lacks the ability to conduct factual discovery on his own. Thus, the third Tabron factor also weighs against appointment of counsel.

Fourth, it is premature for the Court to conclude that this case will turn on credibility determinations. Because "it is difficult to imagine" a case where credibility is not important, the Court of Appeals for the Third Circuit has specified that "when considering this factor, courts should determine whether the case [is] solely a swearing contest." Parnham, 126 F.3d at 460. At this early stage of the litigation, the extent to which this case will rest on credibility determinations is not yet apparent. Accordingly, this factor militates neither in favor nor against appointing counsel.

Fifth, there is no indication at this time that any expert testimony will be required at trial. Thus, the fifth Tabron favor does not favor appointment.

Sixth, while the Court granted Plaintiff *in forma pauperis* status, Plaintiff has not detailed his efforts to obtain counsel on his own. Plaintiff states only that he "[r]eceived no answers to requested letters." See Appl. for Pro Bono Counsel, D.E. 46. Such an assertion, absent a more detailed explanation as to Plaintiff's efforts to obtain counsel, does not tip the sixth Tabron factor in favor of appointing counsel for Plaintiff. Accordingly, this factor does not favor appointment. See Parnham, 126 F.3d at 461. But even to the extent that Plaintiff has not shown himself to be indigent for purposes of the sixth Tabron factor, that showing alone does not support appointment of pro bono counsel. See Clinton v. Jersey City Police Dep't, Civ. No. 07-5686, 2009 WL 2230938, at *1 n.4 (D.N.J. July 24, 2009) ("While indigence is a prerequisite for the appointment of counsel, indigence alone does not warrant appointment of counsel absent satisfying other Tabron factors.").

This record does not meet most of the Tabron factors, and, therefore, the Court finds that appointment of *pro bono* counsel is inappropriate at this time. Cf. Parnham, 126 F.3d at 461 (finding appointment appropriate where most factors are met). For all the reasons set forth above, the Court denies Plaintiff's application for the appointment of *pro bono* counsel without prejudice.

**Conclusion**

  A balancing of the factors set forth above does not weigh in favor of granting Plaintiff's request for counsel at this time. Therefore, Plaintiff's application of the appointment of pro bono counsel [D.E. 28] is denied without prejudice.

          So Ordered,

          */s Michael A. Hammer*
          **UNITED STATES MAGISTRATE JUDGE**