<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
JOHN BANDA,                         :
                                    :    Civil Action No. 13-4240 (ES)
            Plaintiff,              :
                                    :
      v.                            :    OPINION
                                    :
Y. CORNIEL, et al.,                 :
                                    :
            Defendants.             :
_____:

**SALAS, DISTRICT JUDGE**

Pending before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.E. No. 43). Briefly, Defendants argue that Plaintiff's Complaint must be dismissed because (1) there are deficiencies in his pleadings and (2) the "adverse action" complained of is not sufficiently adverse to deter a prisoner of ordinary firmness from asserting his constitutional rights. Plaintiff opposed the Motion. (D.E. No. 48). For the reasons below, the Court agrees and Defendants' motion is GRANTED.

**I. BACKGROUND**

John Banda ("Plaintiff") is currently incarcerated at the Special Treatment Unit ("STU") in Avenel, New Jersey. Plaintiff was civilly committed as a sexually violent predator pursuant to the New Jersey Sexually Violent Predator Act ("SVPA"), N.J. STAT. ANN. § 30:4-27.24 *et seq*. Plaintiff filed the instant action under 42 U.S.C. § 1983, alleging that his First Amendment rights were violated when he was retaliated against for engaging in protected conduct. (*See* D.E. No. 1, Complaint ("Compl.")). Specifically, Plaintiff alleges that Defendants Corniel, Main, Adams, Spanguolo, Ottino, Bergen, VanPelt, Calabrese, McBride, Mitchell, Canete, Payne, Cahill,

Burnett, Roth, Burns, Feldman, Qualis, Tarulli, Smith, Brown, Chiappetta, Stokes, and Brickhouse[1] ("Defendants") unconstitutionally retaliated against him by placing him in a Modified Activities Program ("MAP")[2] after he filed a grievance that used "abusive language." (*Id*. at 7). Plaintiff alleges that, as a result of being placed on Program MAP, Plaintiff was stripped of his institutional job, television, and ability to receive packages from outside vendors. (*Id*.).

Plaintiff brings the following claims against Defendants, only in their individual capacities, under 42 U.S.C. § 1983:

> 1) Defendants engaged in unconstitutional retaliation against Plaintiff when they placed him on Program MAP, thus stripping him of his job, his television, and his ability to receive packages from outside vendors, after Plaintiff filed a grievance using abusive language.

(*Id*.).

## II. STANDARD OF REVIEW

A. Federal Rule of Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal quotations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint

---

[1] The Court has already dismissed Plaintiff's claims against Defendants McAllister, Siddigo, and Hughes. (*See* D.E. Nos. 27 & 28).

[2] Defendants note that the MAP is a program implemented by the Department of Corrections and the Department of Human Services in order to stabilize disruptive or dangerous behaviors. (*See* D.E. No. 43-1, Brief in support of Motion ("Mov. Brief"), at 13). The MAP consists of four levels: program, wing, tier, and room in ascending order of seriousness. Plaintiff was placed on Program MAP, the least restrictive level. (*Id*.) Though this information is not dispositive on any issue, the Court is including it as relevant background information.

is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief" under Rule 8(a)(2). *Id*. at 679.

B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides, in relevant part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

**III. DISCUSSION**

A. Plaintiff's Complaint Fails to State a Claim against Nineteen Named Defendants

Plaintiff names 24 Defendants in his Complaint, and in their Motion, Defendants argue that Plaintiff's Complaint fails to allege specific conduct against 19 of the 24 Defendants. (*See* Brief at 15-20). Therefore, the Defendants argue that Plaintiff's Complaint must be dismissed as to

those Defendants for failure to state upon which relief can be granted. (*Id*. at 15). The Court agrees.

For this action to proceed against any Defendant under a constitutional retaliation theory pursuant to § 1983, Plaintiff must allege that Defendant had personal involvement in the conduct that is now the source of the allegations. *See Fears v. Beard*, 532 F. App'x 78, 81 (3d Cir. 2013) (per curiam) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("In order for liability to attach under § 1983, a plaintiff must show that a defendant was personally involved in the deprivation of his federal rights."). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citation omitted).

Here, Plaintiff has not alleged any personal involvement or actual knowledge of the following 19 named Defendants: Adams, Spanguolo, Ottino, Bergen, Van Pelt, Calabrese, McBride, Mitchell, Canete, Payne, Cahill, Burnett, Roth, Burns, Feldmann, Qualis, Tarulli, Smith, and Brown. Plaintiff's allegation against these Defendants is merely the blanket statement that they "rubber stamped" the decision of Defendants Corniel and Main to place Plaintiff on Program MAP. (*See* Compl. at 8-22). Accordingly, Plaintiff's Complaint fails to state a claim against the above named Defendants as they seem to have merely agreed with the decision of their supervisors without any alleged direct action or personal involvement in the conduct at issue. *See Evancho*, 423 F.3d at 353; *see also Iqbal*, 556 U.S. at 678 (holding that a pleading "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Therefore, because there is neither an allegation of personal direction nor one of actual knowledge, Plaintiff's retaliation claim against the above mentioned 19 Defendants will be dismissed *without prejudice*.

B. Plaintiff's Retaliation Claims against the Remaining Five Defendants Fail for Lack of an Adverse Action

The remaining Defendants—Chiapetta, Stokes, Brickhouse, Main, and Corniel—are explicitly alleged to have had either personal involvement in or actual knowledge of the retaliatory conduct at issue here. (Compl. at 7, 21-22). The conduct complained of is the placement of Plaintiff on Program MAP, thus stripping him of his institutional job, television, and privilege to receive packages from outside vendors. (*Id*. at 7).

Although none of these alleged actions is a constitutional violation on their own, "government actions, which standing alone do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for the exercise of a constitutional right." *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001) (citations omitted). To wit, a prisoner alleging that prison officials have retaliated against him for exercising his constitutional rights must prove that: (1) the conduct in which he was engaged was constitutionally protected; (2) he suffered adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him. *See Carter v. McGrady*, 292 F.3d 152, 157-58 (3d Cir. 2002) (citing *Rauser*, 241 F.3d at 334).

Here, Plaintiff claims that he was retaliated against for using "abusive language" in grievance forms filed with the administration. The filing of grievance forms with a prison administration is typically considered constitutionally protected conduct. *See Bullock v. Buck*, 611 F. App'x 744, 747 (3d Cir. 2015) (citing *Mithcell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2002)). Defendants note that there is no "specific rule against using [abusive] language" on grievance forms, thereby conceding that Plaintiff's behavior, while objectionable, was constitutionally protected. (Brief at 22).

Plaintiff also alleges that he suffered adverse action, *i.e.*, his placement on Program MAP, which resulted in Plaintiff losing his job, television, and privilege to receive packages from outside vendors. (*See* Compl. at 26). Defendants argue that Plaintiff's placement on Program MAP is not an "adverse action" within the meaning of § 1983 jurisprudence. (Mov. Brief at 22). In order to rise to the level of an adverse action, a punishment must be sufficient to "deter a person of ordinary firmness from exercising his constitutional rights." *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006). Here, Defendants argue that placement on Program MAP cannot be an adverse action because it, in fact, did not deter Plaintiff from continuing to exercise his First Amendment rights by filing grievances containing abusive language. (Mov. Brief at 22). The Court agrees.

Indeed, Plaintiff's own allegations show that he was not deterred by his MAP placement and, therefore, this placement cannot be an adverse action for the purpose a § 1983 retaliation claim. *See Monroe v. Phelps*, 520 F. App'x 67, 70-71 (3d Cir. 2013) (per curiam) (holding that the continued exercise of one's First Amendment rights is sufficient to prove that a complained-of action was not adverse)[3]. It is also worth noting that the entire purpose of the MAP is to restrict an STU resident from engaging in certain activities due to unacceptable or disruptive behaviors. *See M.X.L. v. New Jersey Dep't of Human Services/New Jersey Dep't of Corr.*, 876 A.2d 869 (N.J. Super. Ct. App. Div. 2005). It would set a potentially damaging precedent if STU residents could simply couch disruptive or abusive behavior as protected conduct and thereby not only keep themselves from receiving some of the treatment they need, but also open STU therapists and administrators up to lawsuits.

---

[3] Moreover, none of the effects of Plaintiff's placement on Program MAP, *i.e.*, losing his job, television, or outside package privileges, rises to the level of an adverse action. *See Salerno v. Corzine*, 557 F. App'x 123, 127 (3d Cir. 2014) (holding that loss of job and television are not adverse actions); *see also Jones v. Brown*, 461 F.3d 353, 358 (3d Cir. 2006) (holding that inmates have only a limited liberty interest in a prison's legal mail system).

Therefore, because Plaintiff did not suffer an adverse action sufficient to deter a prisoner of ordinary firmness from exercising his constitutional rights, Defendants' motion to dismiss is granted.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion is granted and Plaintiff's Complaint is dismissed without prejudice. An appropriate order will be entered.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**
