<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHN BANDA, | : | |
| Plaintiff, | : | Civil Action No. 13-4240 (ES) |
| v. | : | MEMORANDUM OPINION |
| Y. CORNIEL, et al., | : | |
| Defendants. | : | |

IT APPEARING THAT:

1. On July 4, 2013, Plaintiff John Banda ("Plaintiff"), who is involuntarily committed under the Sexually Violent Predator Act ("SVPA"), N.J.S.A. 30:4–27.24, *et seq.*, filed this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Corniel, Main, Adams, Spanguolo, Ottino, Bergen, VanPelt, Calabrese, McBride, Mitchell, Canete, Payne, Cahill, Burnett, Roth, Burns, Feldman, Qualis, Tarulli, Smith, Brown, Chiappetta, Stokes, Brickhouse, McAllister, Siddigo, and Hughes (collectively, "Defendants"). (D.E. No. 1, Complaint ("Compl.")).

2. In his Complaint, Plaintiff alleged that Defendants engaged in unconstitutional retaliation against Plaintiff when they placed him on Program MAP,[1] thus stripping him of his job, his television, and his ability to receive packages from outside vendors, after Plaintiff filed a grievance using abusive language. (*Id.* at 7).

---

[1] As explained in this Court's previous Opinion and Order, Modified Activities Program ("MAP") is a program implemented by the Department of Corrections and the Department of Human Services in order to stabilize disruptive or dangerous behaviors. (D.E. No. 63 at 2 n.2). MAP consists of four levels: program, wing, tier, and room in ascending order of seriousness. (*Id.*).

3. On March 29, 2016, the Court granted a motion filed by Defendants and dismissed Plaintiff's Complaint *without prejudice*. (*See* D.E. Nos. 63 & 64). The Court found that Plaintiff had failed to allege any personal involvement or actual knowledge by Defendants Adams, Spanguolo, Ottino, Bergen, Van Pelt, Calabrese, McBride, Mitchell, Canete, Payne, Cahill, Burnett, Roth, Burns, Feldmann, Qualis, Tarulli, Smith, and Brown. (*See* D.E. No. 63 at 4). The Court further found that although Plaintiff had properly alleged personal involvement on the part of Defendants Chiapetta, Stokes, Brickhouse, Main and Corniel, he failed to allege a claim for retaliation because he was not subjected to any "adverse action." (*Id.* at 6 ("In order to rise to the level of an adverse action, a punishment must be sufficient to deter a person of ordinary firmness from exercising his constitutional rights.") (internal citations and quotations marks omitted)).

4. On April 5, 2016, Plaintiff filed a Motion for Reconsideration. (*See* D.E. No. 65 ("Mot.")). In his Motion, Plaintiff alleges that the Defendants' Motion to Dismiss contained a number of "false statements" which this Court "relied upon as being truths." (Mot. at 1). The purported "false statements" are as follows:

- Defendants state that the Complaint is filed against employees of the Department of Corrections. Plaintiff argues that they are employees of the Department of Human Services.

- Defendants state that there is probable cause to believe that Plaintiff is a Sexually Violent Predator. Plaintiff argues that there was no probable cause hearing to determine that fact.

- Defendants state that despite counseling, Plaintiff has continued to utilize the grievance system inappropriately. Plaintiff alleges that there was no such counseling.

- Defendants state that Plaintiff utilizes abusive language towards staff members in his grievance forms. Plaintiff alleges that the grievances do not contain such language.

- Defendants would allegedly permit Plaintiff to work if he entered into a behavioral contract, which Plaintiff argues is unconstitutional.

- Defendants argue that they are entitled to qualified immunity. Plaintiff objects because "they are not being sued in their Official Capacity, and are being sued in their Personal Capacity which means that this Pro Se Plaintiff is seeking payment from the listed Defendant's personal assets."

- Defendants state that Plaintiff has been convicted of a sexually violent offense. Plaintiff argues that he has not.

(Mot. 2-3).

5. "A motion for reconsideration is a device of limited utility." *Woodson v. Unknown Agents of Unknown Agency*, No. 14-7033, 2015 WL 71156, at *2 (D.N.J. Jan. 6, 2015). "The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)) (internal quotation marks omitted). As such, a motion for reconsideration may be granted only upon the showing of one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* "To support reargument, a moving party must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." *Assisted Living Assocs. of Moorestown, L.L.C. v. Moorestown Twp.*, 996 F. Supp. 409, 442 (D.N.J. 1998). By contrast, mere disagreement with the district court's decision is not an appropriate ground for a motion for reconsideration; such disagreement should be raised through the appellate process. *Id.* (citing *Bermingham v. Sony Corp. of Am., Inc.*, 820 F. Supp. 834, 859 n.8 (D.N.J. 1992)); *see also*

*Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001) (holding that a motion for reconsideration may not be used to reargue matters already argued and disposed of by the court).

6. Here, there has been no intervening change in the controlling law, there is no new evidence that was not available when the court granted the motion to dismiss, and there is no need to correct a clear error of law or fact or to prevent manifest injustice. Rather, the Court found that Plaintiff did not state a claim for retaliation because Plaintiff had not "suffered an adverse action sufficient to deter a prisoner of ordinary firmness from exercising his constitutional rights." (D.E. No. 63 at 7). The allegedly "false statements" which Plaintiff identifies in his Motion are irrelevant to the Court's conclusion and certainly do not warrant granting reconsideration. *See Champion Labs., Inc. v. Metex Corp.*, 677 F. Supp. 2d 748, 750 (D.N.J. 2010) (citing *United States v. Compaction Sys. Corp.*, 88 F.Supp.2d 339, 345 (D.N.J. 1999) ("Only where the court has overlooked matters that, if considered by the court, might reasonably have resulted in a different legal conclusion, will it entertain such a motion")). And, to the extent Plaintiff simply disagrees with this Court's decision, that is not a ground for reconsideration. *See Assisted Living Assocs. of Moorestown, L.L.C.*, 996 F. Supp. 409 at 442.

7. For the reasons stated above, the Court DENIES Plaintiff's Motion for Reconsideration. An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
