UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

JOHN BANDA,

        Plaintiff,

        v.

CORNIEL, et al.,

        Defendants.

Civil Action No. 13-4240 (ES) (MAH)

OPINION

---

**HAMMER, United States Magistrate Judge**

## I. Introduction

This matter comes before the court by way of Plaintiff's motion for leave to file an amended complaint to include nineteen (19) additional defendants. Defendants oppose the motion. The Court has considered the motion, opposition, reply and applicable law. Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court decided this motion without oral argument. For the reasons set forth below, the Court will deny Plaintiff's motion for leave to amend.

## II. Background

Plaintiff John Banda is currently incarcerated at the Special Treatment Unit ("STU") in Avenel, New Jersey. Plaintiff was civilly committed as a sexually violent predator pursuant to the New Jersey Sexually Violent Predator Act ("SVPA"), N.J.S.A. 30:4-27.24, et seq. Plaintiff filed the instant action under 42 U.S.C. § 1983, alleging that his First Amendment rights were violated

when he was retaliated against for engaging in protected conduct. See Complaint, D.E. 1. Specially, Plaintiff alleges that Defendants Corniel, Main, Adams, Spanguolo, Ottino, Bergen, Van Pelt, Calabrese, McBride, Mitchell, Canete, Payne, Cahill, Burnett, Roth, Burns, Feldman, Qualis, Tarulli, Smith, Brown, Chiappetta, Siddigo, Stokes and Brickhouse (collectively "Defendants") unconstitutionally retaliated against him by placing him in a Modified Activities Program ("MAP") after he filed a grievance that used "abusive language." Complaint, D.E. 1, at ¶ 7. Plaintiff alleges that, as a result of being placed on the MAP, Plaintiff was stripped of his institutional job, television, and ability to receive packages from outside vendors. Id.

Defendants filed a motion to dismiss [D.E. 43] on July 10, 2015, which the District Court granted on March 29, 2016. See D.E. 64. Plaintiff filed a motion for reconsideration on April 7, 2016 [D.E. 65], which was denied. See D.E. 74. Plaintiff appealed [D.E. 76] and the Court of Appeals for the Third Circuit vacated the District Court's dismissal of Plaintiff's claims against Defendants Chiappetta, Stokes, Brickhouse, Main and Corniel only. See USCA Opinion and Order, D.E. 83, at 7. The Court of Appeals affirmed the District Court's decision on all other respects. Id. The case was then remanded back to the District Court for further proceedings. Id. Plaintiff filed a motion to reinstate terminated defendants on April 21, 2017. D.E. 84. This motion was denied without prejudice by the District Court for failure to include a Proposed Amended Complaint in compliance with Local Civil Rule 7.1(f). D.E. 91. Plaintiff now files this motion for leave to file an Amended Complaint to add "the listed 19 [d]ismissed Defendants." See Motion for Leave to File Amended Complaint, D.E. 92 at 1.

**III.    Discussion**

The threshold issue in resolving a motion to amend is the determination of whether the motion is governed by Rule 15 or Rule 16 of the Federal Rules of Civil Procedure." Karlo v.

Pittsburgh Glass Works, LLC, No. 10-1283, 2011 WL 5170445, at *2 (W.D. Pa. Oct. 31, 2011). Rule 15 states, in pertinent part, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Rule 16, on the other hand, requires a party to demonstrate 'good cause' prior to the Court amending its scheduling order." Karlo, 2011 WL 5170445, at *2 (citing Fed. R. Civ. P. 16(b)(4)). In this case, there was no Scheduling Order issued. Therefore, Rule 15 governs the instant motion.

Under Fed. R. Civ. P. 15, a party may amend the complaint once as of right, and "courts may grant subsequent amendments 'when justice so requires.'" Fraser v. Nationwide Mut. Ins. Co., 352 F.3d 107, 116 (3d Cir. 2003) (quoting Fed. R. Civ. P. 15(a)). The Court may deny leave to amend the pleadings only where there is (1) undue delay, (2) bad faith or dilatory motive, (3) undue prejudice, (4) repeated failures to cure deficiencies, or (5) futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962); Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) ("We have held that motions to amend pleadings [under Rule 15(a)] should be liberally granted.") (citations omitted); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Here, Defendants argue that Plaintiffs motion is futile because it is out of time, or, in the alternative, because Plaintiff fails to allege any personal or actual knowledge by the dismissed defendants sufficient for liability to attach under § 1983. See generally, Opposition Brief ("Opp'n Br."), D.E. 94.

A court will consider an amendment futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." Harrison Beverage Co. v. Dribeck Imps., Inc., 133 F.R.D. 463, 468 (D.N.J. 1990) (citations omitted) (internal quotations marks omitted). To determine whether an amendment is insufficient on its face, the Court employs the standard applied to Rule 12(b)(6) motions to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d

1410, 1434 (3d Cir. 1997). Under this standard, the question before the Court is not whether the movant will ultimately prevail, but whether the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (establishing that a "court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations"); Harrison Beverage, 133 F.R.D. at 468 ("'Futility' of amendment is shown when the claim or defense is not accompanied by a showing of plausibility sufficient to present a triable issue."). A two-part analysis determines whether this standard is met. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 629 (2009)).

First, a court separates the factual and legal elements of a claim. Fowler, 578 F.3d at 210. All well-pleaded facts set forth in the pleading and the contents of the documents incorporated therein must be accepted as true, but the Court may disregard legal conclusions. Id. at 210–11; West Penn Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 97 n.6 (3d Cir. 2010); see also Iqbal, 556 U.S. at 678 (noting that a complaint is insufficient if it offers "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertions" devoid of "further factual enhancement") (alterations omitted) (internal quotations marks omitted).

Second, as stated above, a court determines whether the plaintiff's facts are sufficient "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. As the Supreme Court instructed in Iqbal, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 678. The plausibility standard is not a "probability requirement," but the well-pleaded facts must do more than demonstrate that the conduct is

"merely consistent" with liability so as to "permit the court to infer more than the mere possibility of misconduct." Id. at 678–79 (citations omitted) (internal quotation marks omitted). This "context-specific task ... requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Here, Defendants argue that Plaintiff's motion is futile because it is improperly filed and out of time. Defendants state that because the Court of Appeals affirmed the District Court's dismissal of these defendants, Plaintiff can only seek relief by petitioning for a panel rehearing from the Court of Appeals – the deadline for which has long passed. Opp'n Br., D.E. 94, at 10.[1]

"The court of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States. . ." 28 U.S.C. § 1291. A dismissal without prejudice is treated as a final decision for the purposes of 28 U.S.C. § 1291 if the plaintiff elects to "stand upon the original complaint." See Shapiro v. UJB Financial Corp., 964 F.2d 272, 278 (3d Cir. 1992) (quoting Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949)). Additionally, "[i]t is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal. United States v. Pelullo, 399 F.3d 197, 222 (3d. Cir. 2005). Federal Rule of Appellate Procedure 40(a)(1) provides for a petition for a panel rehearing, which "may be filed within 14 days after entry of judgment." "[T]he petition must state with particularity each point of law or fact that the petitioner believed the court has overlooked or misapprehended. . ." See Fed. R. of App. P. 40(a)(2). Alternatively, pursuant to Supreme Court

---

[1] Defendants cite to two occasions where Plaintiff had the opportunity to cure any deficiencies in his pleadings. Opp'n Br., D.E. 94, at 8-10. Defendants argue that Plaintiff could have moved for leave to amend rather than file a motion for reconsideration of the Court's March 29, 2016 Order dismissing Plaintiff's Complaint without prejudice. Opp'n Br. D.E. 94, at 8-9. Plaintiff also had an opportunity to cure after the Court denied his motion for reconsideration on December 1, 2016. Id. Instead, Plaintiff filed a notice of appeal with the Court of Appeals for the Third Circuit.

Rule 13, a petition for *writ of certiorari* may be filed with the United States Supreme Court to request its review of a final judgment by the Court of Appeals.

Rather than attempt to cure any deficiencies in his complaint, Plaintiff chose to file an appeal of the District Court's Order dismissing Plaintiff's Complaint. In doing so, Plaintiff elected to stand on his complaint. See Mandate of USCA, D.E. 82, at 6, n.2 (stating "[w]e conclude that the District Court's dismissal without prejudice is a final order under 28 U.S.C. § 1291 because Banda has elected to stand on his complaint.")(citations omitted). The Court of Appeals vacated the District Court's dismissal of Defendants Chiappetta, Stokes, Brickhouse, Main, and Corniel only and affirmed the District Court's decision in all other respects. Id. Specifically, the Court of Appeals affirmed the District Court's dismissal of Defendants Adams, Spanguolo, Ottino, Bergen, Van Pelt, Calabrese, McBride, Mitchell, Canete, Payne, Chill, Burnett, Roth, Burns, Feldman, Qualis, Tarulli, Smith, Brown, McAllister, and Siddigo. Further, the Court of Appeals held that "Banda waived any challenge to the District Court's dismissal of the other Defendants or claims by failing to address their dismissal in his opening brief." Mandate of USCA, D.E. 82, at 7, n.3 (citing United States v. Pelullo, 399 F.3d 197, 222 (3d. Cir. 2005)("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal.")). In short, the District Court has already dismissed the very individuals Plaintiff seeks to add, and the Third Circuit affirmed that dismissal. Plaintiff cannot use Rule 15 to try to resuscitate the same claims against the already dismissed defendants. Therefore, the Court finds that Plaintiff has improperly filed this motion for leave to amend.

Plaintiff's motion would be futile even if it was properly filed because Plaintiff's claims against the previously dismissed Defendants remain insufficient as a matter of law. For liability

to attached under a theory of constitutional retaliation pursuant to 42 U.S.C. § 1983, Plaintiff must allege personal involvement in the conduct that is the source of the allegations. See Fears v. Beard, 532 F. App'x 78, 81 (3d Cir. 2013) (per curiam) (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("In order for liability to attached under § 1983, a plaintiff must show that a defendant was personally involved in the deprivation of his federal rights."). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Evancho v. Fischer, 423 F.3d 347, 353 (3d Cir. 2005) (citation omitted). "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). A civil rights complaint is adequate where it states the time, place and persons responsible. Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir. 1978).

This Court previously held that Plaintiff failed to allege any personal involvement or actual knowledge by the dismissed Defendants. See March 29, 2016 Order, D.E. 63, at 4 (stating that Plaintiff's Complaint failed to state a claim against the specified Defendants "as they seem to have merely agreed with the decisions of their supervisors without any alleged direct action or personal involvement in the conduct at issue."). Plaintiff alleges that these Defendants retaliated against him because they "rubber stamped and [were] in total agreement with" Defendants Corniel and Main's decision to place Plaintiff on the MAP. See Complaint, D.E. 1. Thus this Court held that "because there is neither an allegation of personal direction nor one of actual knowledge, Plaintiff's retaliation claim against the above mentioned 19 Defendants will be dismissed without prejudice." Id. (emphasis omitted).

Plaintiff's Proposed Amended Complaint makes the same allegations. Plaintiff alleges that the 19 Defendants "knew of the retaliation" and "did nothing to correct [it]." See Proposed

Amended Complaint, D.E. 92-2 ¶¶ d-v. The Proposed Amended Complaint merely makes legal conclusions, not factual allegations. Plaintiff does not include any specificity for any of these 19 Defendants. Thus, Plaintiff's proposed claims against these 19 Defendants would be futile.

## IV. Conclusion

For the reasons stated herein, Plaintiff's motion to leave to file an Amended Complaint is denied. An appropriate order will accompany this opinion.

<u>s/ Michael A. Hammer</u>
**UNITED STATES MAGISTRATE JUDGE**

Dated: November 28, 2017