NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
JOHN BANDA,                         :
                                    :
        Plaintiff,                  :
                                    :    Civil Action No. 13-4240 (ES) (MAH)
    v.                              :
                                    :
CORNIEL, et al.,                    :
                                    :
        Defendants.                 :    OPINION
_____:

**HAMMER, United States Magistrate Judge**

**I.    Introduction**

This matter comes before the Court by way of pro se Plaintiff's motion to freeze Defendants' wages, checking and savings bank accounts, CD bank accounts, and credit cards. Defendants oppose the motion. The Court has considered the motion, opposition, reply and applicable law. Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court decided this motion without oral argument. For the reasons set forth below, the Court will deny Plaintiff's motion.

**II.    Background**

Plaintiff John Banda is currently incarcerated at the Special Treatment Unit ("STU") in Avenel, New Jersey. Plaintiff was civilly committed as a sexually violent predator pursuant to the New Jersey Sexually Violent Predator Act ("SVPA"), N.J.S.A. 30:4-27.24, et seq. Plaintiff filed the instant action under 42 U.S.C. § 1983, alleging that his First Amendment rights were violated when he was retaliated against for engaging in protected conduct. *See* Complaint, D.E.

1

1.  Specifically, Plaintiff alleges that Defendants Corniel, Main, Adams, Spanguolo, Ottino, Bergen, Van Pelt, Calabrese, McBride, Mitchell, Canete, Payne, Cahill, Burnett, Roth, Burns, Feldman, Qualis, Tarulli, Smith, Brown, Chiappetta, Siddigo, Stokes and Brickhouse (collectively "Defendants") unconstitutionally retaliated against him by placing him in a Modified Activities Program ("MAP") after he filed a grievance that used "abusive language." Complaint, D.E. 1 at ¶ 7.  Plaintiff alleges that, as a result of being placed in the MAP, Plaintiff was stripped of his institutional job, television, and ability to receive packages from outside vendors. *Id*.

Defendants filed a motion to dismiss on July 10, 2015 [D.E. 43], which the District Court granted on March 29, 2016.  March 29, 2016 Opinion and Order, D.E. 63 and 64.  Plaintiff filed a motion for reconsideration on April 7, 2016 [D.E. 65], which was denied.  December 1, 2016 Opinion and Order, D.E. 74 and 75.  Plaintiff appealed [D.E. 76] and the Court of Appeals for the Third Circuit vacated the District Court's dismissal of Plaintiff's claims against Defendants Chiappetta, Stokes, Brickhouse, Main and Corniel only.  *See* USCA Opinion and Order, D.E. 83 at 7.  The Court of Appeals affirmed the District Court's decision in all other respects.  *Id*.  The case was then remanded back to the District Court for further proceedings.  *Id*.

On April 21, 2017, Plaintiff filed a motion to reinstate terminated Defendants.  Pl. Motion to Reinstate Terminated Defendants, D.E. 84.  The District Court denied that motion without prejudice for failure to include a Proposed Amended Complaint in compliance with Local Civil Rule 7.1(f).  *See* June 2, 2017 Order, D.E. 91.

Plaintiff then filed a motion for leave to file an Amended Complaint to add "the listed 19 [d]ismissed Defendants."  Motion for Leave to File Amended Complaint, D.E. 92 at 1.  This Court denied Plaintiff's motion.  *See* November 28, 2017 Opinion and Order, D.E. 96 and 97.

2

Defendants then filed a motion to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6), which is still pending with the District Court. *See* Def. Motion to Dismiss, D.E. 101.

In the interim, on August 17, 2018, Plaintiff filed the subject motion to freeze Defendants' wages, checking and savings bank accounts, CD bank accounts, and credit cards. Pl. Motion, D.E. 113. Defendants filed opposition [D.E. 114], and Plaintiff replied [D.E. 116].

## III. Discussion

Plaintiff asks this Court to freeze Defendants' wages, checking and savings bank accounts, CD bank accounts, and credit cards without providing any legal authority to support such a request. Instead, after reciting in his brief his underlying claims against Defendants, Plaintiff submits that "[i]t has now been over a year since remand, and there still has not been any relief funds to the pro se appellant." Pl. Br. in Supp. of Motion, D.E. 113-1 at 1. Followed by, "pro se appellant is writing to this court to ask for such litigant rights, to invoke the procurement of such punitive damages relief fund." *Id.* at 2.

Defendants oppose Plaintiff's request, arguing that "there is no legal basis to 'freeze' any of Defendants' wages or accounts—and Plaintiff has failed to provide any legal basis to support his claim." Defs. Br. in Opp. to Motion, D.E. 114 at 4. Defendants further note that the civil lawsuit is unresolved and liability has not attached to any party; therefore, the relief requested by Plaintiff is inappropriate at this time. *Id.*

In reply, Plaintiff takes issue with Defendants' recitation of this matter's procedural history, reiterates the legal basis for his underlying claims, and "asks the Court to grant this pro se original complaint that has been remanded back to this Court, and grant this pro se Plaintiff's

motion…" Pl. Reply Br. in Supp. of Motion, D.E. 116 at 3.  Again, Plaintiff does not provide the Court with any legal authority supporting his request.

"A federal court has no authority generally to freeze a defendant's funds to help ensure satisfaction of a judgment should the plaintiff prevail on an underlying legal claim." *F.T. Intern., Ltd. v. Mason*, Civil Action No. 00—5004, 2000 WL 1514881, at *1 (E.D. Pa. Oct. 11, 2000) (citing *Grupo Mexicano de Desarrollo v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 119 S. Ct. 1961, 1975 (1999)); *see also*, *Sweet People Apparel Inc.*, *v. Fame of NY, Inc.*, Civil Action No. 11-1666, 2011 WL 2937360, at * 5 (D.N.J. July 19, 2011) (stating "[t]he *Grupo Mexicano* Court held that a court was not permitted to freeze a defendant's assets solely to preserve a plaintiff's right to recover damages") (citation omitted).

However, "[a]side from the traditional showing necessary to obtain preliminary injunctive relief, a plaintiff may obtain a prejudgment freeze on a defendant's assets only if he has asserted a cognizable equitable claim, has demonstrated a sufficient nexus between that claim and specific assets of the defendant which are the target of the injunctive relief, and has shown that the requested interim relief is a reasonable measure to preserve the status quo in aid of the ultimate equitable relief claimed." *Id.* (citations omitted).

Given the ambiguity of Plaintiff's application, the Court will interpret it as a request for pre-judgment, and, alternatively, post-judgment relief.

Insofar as Plaintiff's application seeks pre-judgment relief, *i.e.*, a preliminary injunction or temporary restraining order, Plaintiff has not complied with Federal Rule of Civil Procedure 65 for such injunctive relief.[1]  Additionally, upon reviewing the operative Complaint, Plaintiff

---

[1] By way of example, Plaintiff's application did not include "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will

has not asserted any cognizable equitable claim against Defendants.  Rather, Plaintiff filed the instant action under 42 U.S.C. § 1983, alleging that his First Amendment rights were violated when he was retaliated against for engaging in protected conduct.  As such a claim is not based in equity, the Court does not need to consider whether Plaintiff has demonstrated a sufficient nexus between his equitable claim and specific assets of the Defendants that would be the target of the injunctive relief.  Nor does the Court need to consider whether Plaintiff has shown that the requested interim relief is a reasonable measure to preserve the status quo in aid of the ultimate equitable relief claimed.  Plaintiff's request for pre-judgment relief, as filed, is baseless.

Insofar as Plaintiff's application requests post-judgment relief, the Court advises Plaintiff that this case was reopened in April 2017 and is still in the discovery stage.  If the case survives Defendants' pending motion to dismiss, discovery will proceed and there will be a trial on the merits—unless the matter is resolved by settlement or a subsequent dispositive motion.  Accordingly, there is presently no judgment in Plaintiff's favor that he could attempt to execute upon under Federal Rule of Civil Procedure 69.  Plaintiff's request for post-judgment relief is similarly baseless.

---

result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

The Court also notes that, to the extent Plaintiff may be relying on Federal Rule of Civil Procedure 64, Plaintiff did not provide the Court with any New Jersey "remedy. . . that . . . provides for seizing a person or property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64.

## IV. Conclusion

For the reasons stated herein, Plaintiff's motion to freeze Defendants' wages, checking and savings bank accounts, CD bank accounts, and credit cards, [D.E. 113], is denied. The Court will issue an order consistent with this Opinion.

*s/ Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**

Date: November 1, 2018