**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHN BANDA, | |
| Plaintiff, | Civil Action No. 13-4240 (ES) (MAH) |
| v. | OPINION |
| Y. CORNIEL, et al., | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

Before the Court is Defendants Y. Corniel, M. Main, L. Chiappetta, K. Stokes, and V. Brickhouse's ("Defendants") motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (D.E. No. 101). The Court has considered the parties' submissions and decides the matter without oral argument under Federal Rule of Civil Procedure 78(b). For the following reasons, the Court DENIES Defendants' motion.

**I.     Background**

Plaintiff John Banda ("Plaintiff"), an involuntarily committed person pursuant to the Sexually Violent Predator Act ("SVPA"), N.J. Stat. Ann. § 30:4-27.24, filed the instant matter pursuant to 42 U.S.C. § 1983 on July 10, 2013. (D.E. No. 1). After granting Plaintiff's *in forma pauperis* application, screening the complaint, this Court screened Plaintiff's complaint and allowed his retaliation claim to proceed against 24 of the 27 defendants. (D.E. No. 28). Plaintiff's sole allegation is that Defendants violated his First Amendment rights by placing him in the Modified Activities Program ("MAP") as retaliation for his excessive use of the grievance system and the manner in which he expressed himself on the grievance forms. (*See* D.E. No. 1 at 26).

Defendants filed a motion to dismiss for failure to state a claim on July 10, 2015. (D.E. No. 43). Plaintiff filed a motion for summary judgment while Defendants' motion to dismiss was pending. (D.E. No. 54). The Court denied Plaintiff's summary-judgment motion. (D.E. No. 59). The Court granted Defendants' motion to dismiss. (D.E. Nos. 63 & 64). Regarding Defendants Corniel, Main, Chiappetta, Stokes, and Brickhouse, the Court found that Plaintiff had not suffered an adverse action sufficient to deter a prisoner of ordinary firmness from exercising his constitutional rights. (D.E. No. 63 at 5-7). Regarding the remaining 19 Defendants, the Court determined that Plaintiff had not sufficiently alleged their personal involvement. (*Id.* at 3-5). The Court subsequently denied Plaintiff's motion for reconsideration (D.E. No. 65) of the dismissal. (D.E. Nos. 74 & 75). On March 15, 2017, the United States Court of Appeals for the Third Circuit vacated the dismissal of Plaintiff's retaliation claims against Defendants Corniel, Main, Chiappetta, Stokes, and Brickhouse, and remanded to this Court for further proceedings consistent with its Opinion. *Banda v. Corniel*, 682 F. App'x 170 (3d Cir. 2017). The Third Circuit held that Plaintiff "sufficiently pleaded an adverse action because his MAP placement—in addition to other significant restrictions—cost him his job." *Id.* at 174.

This Court reopened the matter. (D.E. No. 83). Plaintiff filed a motion to reinstate the terminated defendants (D.E. No. 84), which the Court denied (D.E. No. 91). Plaintiff thereafter sought leave to file an amended complaint (D.E. No. 92), which the Court also denied (D.E. No. 97). Defendants Corniel, Main, Chiappetta, Stokes, and Brickhouse then filed the instant motion to Dismiss for failure to state a claim. (D.E. No. 101). On September 27, 2018, this Court ordered supplemental briefing from Defendants to address Plaintiff's claim that the retaliation was in response to his simply using the grievance system, and not for the content Plaintiff provided on the forms. (D.E. No. 115). Defendants filed the supplemental briefing on November 6, 2018.

2

(D.E. No. 125). Plaintiff filed a reply on November 26, 2018. (D.E. No. 126). That filing did not directly address Defendants' arguments. (*See id.*).

## II. Legal Standard

### A. Motion to Dismiss

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). But a limited exception to conversion exists for "document[s] integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). "The purpose of this rule is to avoid the situation where a plaintiff with a legally deficient claim that is based on a particular document can avoid dismissal of that claim by failing to attach the relied upon document." *Jeffrey Rapaport M.D., P.A. v. Robins S. Weingast & Assocs., Inc.*, 859 F. Supp. 2d 706, 714 (D.N.J. 2012) (citation omitted).

Pro se litigants' complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Courts must "apply the relevant legal principle even when the complaint has failed to name it." *Mala v. Crown Bay Marina, Inc*,

3

704 F.3d 239, 244 (3d Cir. 2013).  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* at 245 (citation omitted).

### B. Section 1983 Actions

42 U.S.C. § 1983 is a vehicle for imposing liability under certain circumstances for the violation of a person's constitutional rights.  *Grammar v. John J. Kane Reg'l Ctrs.-Glen Hazel*, 570 F.3d 520, 525 (3d Cir. 2009).  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## III. Analysis

Defendants assert two arguments in support of their motion to dismiss.  (D.E. No. 101-1 at 16-24; D.E. No. 125).  First, they assert they are entitled to qualified immunity.  (D.E. No. 101-1 at 16-24).  Second, they argue that Plaintiff has not demonstrated a prima facie case of retaliation.  (D.E. N. 125 at 1-8).  The Court will address each argument in turn.

### A. Failure to State a Claim of Retaliation

Defendants advance the argument that Plaintiff has failed to establish a *prima facie* case of retaliation.  (*Id.*).  For the reasons explained below, this Court finds that Plaintiff has stated a cognizable retaliation claim against Defendants.

4

Prison officials may not interfere with a prisoner's exercise of First Amendment rights unless interference is reasonably related to a legitimate penological interest, nor may prison officials retaliate against a prisoner for exercising his First Amendment rights. *See Turner v. Safley*, 482 U.S. 78, 90 (1987). A plaintiff alleging retaliation for engaging in protected conduct must demonstrate "(1) his conduct was constitutionally protected; (2) he suffered an adverse action at the hands of prison officials; [and] (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him." *Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016) (citations omitted). If the Plaintiff can sufficiently allege that his engagement in the protected conduct was the motivating factor, then the burden shifts to the defendant who must then show that it would have made the same decision absent the protected conduct. *Rauser v. Horn*, 241 F.3d 330, 334 (3d Cir. 2001).

Prison grievance filings qualify as protected First Amendment conduct. *Watson*, 834 F.3d at 422 (citing *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)). Moreover, an adverse action suffered for engaging in protected conduct must only be "more than *de minimis*." *McKee v. Hart*, 436 F.3d 165, 170 (3d Cir. 2006). Finally, a plaintiff can prove the third element of a retaliation claim by demonstrating "(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." *Watson*, 834, F.3d at 424.

Here, Plaintiff's conduct squarely falls within the realm of protected conduct as his pleading provides that his multiple grievance filings precipitated the facility's alleged response. (*See, e.g.*, D.E. No. 1 at 26). Defendants concede that this activity qualifies as constitutionally protected behavior. (D.E. No. 125 at 3). Next, the adverse action that Plaintiff alleged to have suffered from is the MAP placement that restricted his ability to work. (*See, e.g.*, D.E. No. 1 at

15). Plaintiff does not specifically allege that the retaliatory activities "would deter a person of ordinary firmness" from exercising First Amendment rights. (*See generally id.*). However, the Court notes Defendant Corniel's memorandum dated April 4, 2013, which states that Plaintiff's "decrease in grievance submissions" advised the decision to remove Plaintiff from MAP placement. (*Id.* at 56). Finally, Plaintiff has pled sufficient facts to demonstrate that his engaging in the grievance system was a substantial factor in the adverse action by the officials. The correspondence between Defendants and Plaintiff, as well as the correspondence amongst the Defendants, sufficiently demonstrates that Plaintiff's use of the grievance system, however inappropriate, compelled the MAP placement and subsequent loss of certain privileges, including his job. (*See id.* at 38, 47-48, 51, & 57).

Defendants maintain that the decision to place Plaintiff in MAP was triggered by "the medically relevant collateral consequences related to his misuse of the STU's grievance system (both in terms of the frequency of grievances filed and their content) and failure to engage in treatment in a meaningful way." (D.E. No. 125 at 4). Defendants posit that the overarching objective of their decision to place Plaintiff in MAP, was to "help Plaintiff ameliorate his anti-social conduct and poor judgment—the type of behavior that led to his convictions for sexually violent offenses and commitment to the STU." (*Id.* at 5). However, this argument does not address what, if any of Plaintiff's behavior, other than filing the grievances, raised their behavioral concerns and subsequently motivated their decision to place him in MAP. Although Plaintiff's supporting exhibits include Defendants' internal correspondence expressing concerns about Plaintiff's behavior including his "poor understanding of boundaries as well as an inflated sense of entitlement" (D.E. No. 1 at 48), the Court cannot at this stage determine whether Defendant's

response to this alleged behavior, placing Plaintiff in MAP, was a "medically relevant collateral consequence[ ]." *See Rauser*, 241 F.3d at 334.

At this stage, Plaintiff's complaint sufficiently states a First Amendment retaliation claim.

### B. Qualified Immunity

Defendants also argue that the complaint should be dismissed as they are entitled to qualified immunity. (D.E. No. 101-1 at 16-24).

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "When properly applied, [qualified immunity] protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Spady v. Bethlehem Area Sch. Dist.*, 800 F.3d 633, 637 (3d Cir. 2015) (citing *Ashcroft v. al-Kidd,* 563 U.S. 731, 743 (2011) (quoting *Malley v. Briggs,* 475 U.S. 335, 341 (1986)).

To survive claim of qualified immunity, a plaintiff must show "(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Mirabella v. Villard*, 853 F.3d 641, 648 (3d Cir. 2017) (internal quotation marks and citations omitted). Courts have the discretion to perform the two-step qualified immunity test in the order deemed most appropriate in the particular case at issue. *Santini v. Fuentes*, 795 F.3d 410, 418 (3d Cir. 2015).

Defendants frame their qualified immunity argument by advancing that Plaintiff's "right to avoid the treatment ramifications of his hostile conduct" was not clearly established. (D.E. No. 101-1 at 22). However, the right at issue in this matter is Plaintiff's First Amendment right to use the institution's grievance system. And as discussed in the preceding section, Plaintiff has

sufficiently pleaded that the Defendants retaliated against him for his exercising this particular constitutional right. Consequently, Defendants have failed to meet their burden of establishing qualified immunity. *Thomas v. Independence Twp.*, 463 F.3d 285, 293 (3d Cir. 2006) ("[T]he burden of pleading qualified immunity rests with the defendant, not the plaintiff.").

## IV. CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss is DENIED. An appropriate Order accompanies this Opinion.

*s/Esther Salas*  
**Esther Salas, U.S.D.J.**