UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN BANDA, | : |
| Plaintiff *pro se*, | : |
| | : Civil Action No. 13-4240 (EP) (MAH) |
| v. | : |
| Y. CORNIEL, et al., | : |
| Defendants. | : OPINION |

### I.    INTRODUCTION

This matter comes before the Court by way of Plaintiff *pro se* John Banda's August 9, 2022 informal "motion to dismiss Defendant's motion for summary judgment, Corniel Certification, and Stanzione Certification."  Pl.'s Mot. to Dismiss, Aug. 9, 2022, D.E. 251.  In his motion, Plaintiff also requests various discovery.  *Id.* at pp. 2-3.  Defendants oppose Plaintiff's application.  *See* Defs.' Resp. in Opp'n, Aug. 15, 2022, D.E. 252.  The Court has considered the instant motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.  For the reasons set forth below, the instant motion is **denied**.

### II.    BACKGROUND

Plaintiff is involuntarily committed at the Special Treatment Unit ("STU") in Avenel, New Jersey, pursuant to New Jersey's Sexually Violent Predator Act, N.J.S.A. 30:4-27.24 *et seq.*  Compl., July 10, 2013, D.E. 1, at p. 25.  Plaintiff initiated this civil rights action by filing a Complaint against Defendants – current and former STU employees – on July 10, 2013.  *Id.* at pp. 6-23.  The Complaint alleges, among other things, that Defendants violated 42 U.S.C. § 1983 by retaliating against Plaintiff for exercising his First Amendment rights.  *See id.* at pp. 25, 33.

1

The Undersigned entered a Pretrial Scheduling Order in this matter on February 27, 2019. Pretrial Scheduling Order, Feb. 27, 2019, D.E. 136. The Pretrial Scheduling Order set a June 21, 2019 deadline for completion of fact discovery, and directed that written discovery be served and responded to by April 26, 2019. *Id.* at ¶¶ 2-3. Those deadlines were not met. Plaintiff consequently moved to compel Defendants to respond to his written discovery requests on June 3, 2019. Pl.'s Mot. to Compel, June 3, 2019, D.E. 142. After Defendants failed to oppose Plaintiff's application, the Court entered an Order requiring Defendants to answer by July 15, 2019, and "file a certification attesting to service of responses . . . by July 22, 2019." Order, June 24, 2019, D.E. 144.

Defendants timely responded and filed a status report on July 15, 2019. Defs.' Letter, July 15, 2019, D.E. 149. Discovery in this matter, however, remained contentious. Plaintiff has on multiple occasions asserted Defendants' responses to written discovery were insufficient. *See, e.g.*, Pl.'s Mot. to Disregard Answers to Pl.'s Interrogatories, July 31, 2019, D.E. 158; Pl.'s Letter, Aug. 28, 2019, D.E. 161; Pl.'s Letter, Nov. 18, 2019, D.E. 176; Pl.'s Letter, Nov. 27, 2019, D.E. 174. Plaintiff first alleged that Defendants' responses were insufficient on July 31, 2019. Pl.'s Mot. to Disregard Answers to Pl.'s Interrogatories, D.E. 158.[1] On September 13, 2019, after giving Plaintiff an additional opportunity to explain why Defendants' responses were deficient and considering the parties' submissions, the Undersigned held that Defendants' objections to Plaintiff's interrogatories were proper, and denied Plaintiff's request for supplemental responses. *See* Order, Sept. 13, 2019, D.E. 165; *see also* Pl.'s Letter, D.E. 161;

---

[1] Plaintiff filed this application even though the Court asked for the parties to submit something entirely different. The Court had required the parties to submit, by August 5, 2019, a status report concerning what, if any, discovery remained to be completed. July 19, 2019 Order, D.E. 151.

2

Defs.' Resp., Sept. 4, 2019, D.E. 164.  The Court's September 13, 2019 Order also noted Defendants' belief that discovery was complete.  Order, D.E. 165, at p. 2 n.3.  To be sure, however, the Court required Plaintiff to submit a status report "explaining what, if any, additional discovery he needs to take in light of the Court's ruling" by September 27, 2019.  *Id.* at p. 2.

On September 25, 2019, Plaintiff filed a "Letter/Application for a Notice of Motion for an Extension of Time to Prepare a New and Updated List of Additional Discovery."  Pl.'s Letter/Application, Sept. 25, 2019, D.E. 167.  Plaintiff asserted that he needed an additional sixty days to submit a responsive status report.  *See id.*  The Undersigned granted Plaintiff's request, extending the deadline for Plaintiff's submission to November 8, 2019.  Order, Oct. 9, 2019, D.E. 169.  The Court also directed that "[t]o the extent that Plaintiff seeks new or additional discovery in this matter, Plaintiff shall set forth reasons establishing good cause for said discovery."  *Id.* at p. 2 ¶ 2 (emphasis removed).

Plaintiff failed to comply.  Instead, Plaintiff served a second set of interrogatories and second request for the production of documents. Pl.'s Second Set of Interrogatories, Oct. 29, 2019, D.E. 173.  Plaintiff did so without leave of Court, and only thereafter requested an order compelling Defendants' response.  *See* Pl.'s Letter, Nov. 18, 2019, D.E. 176; Pl.'s Letter, Nov. 27, 2019, D.E. 174.  The Court entered an Order denying Plaintiff's application on January 15, 2020, explaining "Plaintiff ha[d] not established good cause for additional discovery in this matter."  Order, Jan. 15, 2020, D.E. 177, at p. 2.  Plaintiff again renewed his request for additional discovery on February 11, 2020.  Pl.'s Letter, Feb. 11, 2020, D.E. 179; Pl.'s Letter, Feb. 19, 2019, D.E. 180.  On May 21, 2020, the Court denied Plaintiff's request for substantially the same reasons expressed in the January 15, 2020 Order.  Order, May 21, 2020, D.E. 182.

The deadlines to complete fact and written discovery were not extended in the two years following the May 21, 2020 Order.  During that timeframe, Plaintiff did not seek leave to take further discovery, nor to extend the fact discovery deadline.  The Court, in an abundance of caution, issued an Order on October 4, 2021 for the parties to state what, if any, additional discovery remained to be completed.  Order, Oct. 4, 2021, D.E. 223.  Plaintiff's responding letter, D.E. 225, did not seek any additional discovery.  Following unsuccessful efforts to settle this case, the parties engaged in dispositive motion practice.  As of the date of this Opinion, Defendants' April 8, 2022 summary judgment motion and Plaintiff's May 3, 2022 motion for default judgment remain pending.  *See* Defs.' Mot. for Summary J., Apr. 8, 2022, D.E. 235; Pl.'s Mot. for Default J., May 3, 2022, D.E. 242.

On August 9, 2022, Plaintiff filed the instant motion.  Pl.'s Mot. to Dismiss, D.E. 251.  Plaintiff asks that the Court "dismiss Defendants['] summary judgment; Yaneris Corniel Certification; and Doreen Stanzione Certification." *Id.* at p. 1.  Plaintiff also requests that the Court order Defendants "to produce ALL e-mail, group notes, and any other form of communication the Defendants have in discussing among themselves the abusive/offensive language that he is falsely being accuse[d] of in writing in his grievances." *Id.* at p. 2.  Defendants oppose Plaintiff's application.  Defs.' Resp. in Opp'n, D.E. 252, at p. 2.  For the reasons discussed below, the Court denies Plaintiff's motion in its entirety.

### III.   DISCUSSION

The Court first addresses Plaintiff's demand for additional discovery.  The Court construes Plaintiff's request as an application to modify the schedule set forth in the Court's February 27, 2019 Pretrial Scheduling Order.  *See* Pretrial Scheduling Order, D.E. 136, at ¶¶ 2-3.  The Court consequently applies Federal Rule of Civil Procedure 16.  Federal Rule of Civil

Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause [shown] and with the judge's consent." "[Rule] 16 recognizes that scheduling orders are at the heart of case management; '[i]f they can be disregarded without a specific showing of good cause, their utility will be severely impaired.'" *Scopia Mortg. Corp. v. Greentree Mortg. Co., L.P.*, 184 F.R.D. 526, 531 (D.N.J. 1998) (second alteration in original) (quoting *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986)). Plaintiff must therefore demonstrate "good cause" to amend the February 27, 2019 Order's schedule. Fed. R. Civ. P. 16(b)(4).

"One way the moving party can establish good cause is to demonstrate that it cannot reasonably meet the [C]ourt's deadlines despite its diligence." *Baker v. U.S. Marshal Serv.*, Civ. No. 12-0494, 2014 WL 2534927, at *2 (D.N.J. June 5, 2014); *see also Phillips v. Greben*, Civ. No. 04-5590, 2006 WL 3069475, at *6 (D.N.J. Oct. 27, 2006) (identifying other means by which a movant can establish good cause under Rule 16). In this case, written discovery commenced on February 27, 2019 and concluded on April 26, 2019 – more than three years ago. Pretrial Scheduling Order, D.E. 136. Plaintiff has not, however, offered any explanation for his failure to timely seek the items in dispute during that timeframe, or even in the two years after fact discovery closed and before dispositive motions were filed. *See* Pl.'s Mot. to Dismiss, D.E. 251, at pp. 2-3. Indeed, Plaintiff has not proffered any argument at all in support of the instant motion. *See id.* For these reasons, the Court can only conclude that Plaintiff has not established good cause for additional discovery in this matter pursuant to Rule 16.

The Court next turns to Plaintiff's request for an order dismissing Defendants' summary judgment motion and two certifications. *See id.* at p. 1. Plaintiff did not file a brief in support of his application, did not file a proposed form of order, and has not cited any law in support of his request as required by Local Civil Rule 7.1. The Court is consequently unable to determine the

5

basis for – and Plaintiff's entitlement to – his requested relief.  For that reason, and Plaintiff's failure to comply with Local Civil Rule 7.1, Plaintiff's motion to dismiss will be denied.

### IV.     CONCLUSION

For the foregoing reasons, Plaintiff's motion to dismiss and for an order compelling Defendants to produce additional discovery, D.E. 251, is **DENIED**.  An appropriate Order accompanies this Opinion.

*/s Michael A. Hammer*
Hon. Michael A. Hammer,
United States Magistrate Judge

Dated: August 24, 2022